UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CARLY L. O.[1] , | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 3:21-CV-141-MGG |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|    Defendant. | ) |

**OPINION AND ORDER**

Carly O. ("Ms. O)") seeks judicial review of the Social Security Commissioner's decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act. This Court may enter a ruling in this matter based on the parties' consent pursuant to 28 U.S.C. § 636(c)(1) and 42 U.S.C. § 405(g). For the reasons discussed below, the Court **REMANDS** the decision of the Commissioner of the Social Security Administration ("SSA").

**I.    OVERVIEW OF THE CASE**

Ms. O applied for DIB on January 14, 2019. In her application, she alleged a disability onset date of January 1, 2016. Ms. O's application was denied initially on March 6, 2019, and upon reconsideration on June 3, 2019. Following a telephone hearing on March 19, 2020, the Administrative Law Judge ("ALJ") issued a decision on August

---

[1] To protect privacy interests, and consistent with the recommendation of the Judicial Conference, the Court refers to the plaintiff by first name, middle initial, and last initial only.

24, 2020, which affirmed the SSA's denial of benefits. The ALJ found that Ms. O suffers from the severe impairments of degenerative disc disease of the lumbar spine; degenerative joint disease of the knees (bilaterally); obesity; fibromyalgia; headaches; and depression. The ALJ found that none of Ms. O's severe impairments, nor any combination of her impairments, meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Further, the ALJ found that Ms. O has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with certain additional limitations. Ms. O has past relevant work as a school library media specialist, a vocational training instructor, and an assistant principal. In view of Ms. O's RFC, the ALJ found that Ms. O is unable to perform past relevant work. However, the ALJ concluded, based on the testimony of the vocational expert, that Ms. O can meet the requirements for employment as a housekeeper cleaner, marker II, and form presser. Based upon these findings, the ALJ denied Ms. O's claim for DIB.

## II.  DISABILITY STANDARD

To qualify for DIB, a claimant must be "disabled" as defined under the Act. A person is disabled under the Act if "he or she has an inability to engage in any substantial gainful activity ["SGA"] by reason of a medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner's five-step inquiry in evaluating claims for DIB and SSI under the Act includes determinations as to: (1) whether the claimant is doing SGA; (2)

whether the claimant's impairments are severe; (3) whether any of the claimant's impairments, alone or in combination, meet or equal one of the Listings in Appendix 1 to Subpart P of Part 404; (4) whether the claimant can perform her past relevant work based upon her RFC; and (5) whether the claimant is capable of performing other work. 20 C.F.R. § 416.920. The claimant bears the burden of proof at every step except the fifth. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

### III. STANDARD OF REVIEW

This Court has authority to review a disability decision by the Commissioner pursuant to 42 U.S.C. § 405(g). However, this Court's role in reviewing Social Security cases is limited. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The Court must uphold the ALJ's decision so long as it is supported by substantial evidence. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014) (citing *Similia v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009)). The deference for the ALJ's decision is lessened where the ALJ's findings contain errors of fact or logic or fail to apply the correct legal standard. *Schomas v. Colvin*, 732 F.3d 702, 709 (7th Cir. 2013).

Additionally, an ALJ's decision cannot stand if it lacks evidentiary support or inadequately discusses the issues. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). An ALJ's decision will lack sufficient evidentiary support and require remand if it is clear that the ALJ "cherry-picked" the record to support a finding of non-disability. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010); *see also Wilson v. Colvin*, 48 F. Supp. 3d 1140, 1147 (N.D. Ill. 2014). At a minimum, an ALJ must articulate his analysis of the record to allow the reviewing court to trace the path of his reasoning and to be assured the ALJ

3

has considered the important evidence in the record. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). While the ALJ need not specifically address every piece of evidence in the record to present the requisite "logical bridge" from the evidence to his conclusions, the ALJ must at least provide a glimpse into the reasoning behind his analysis and the decision to deny benefits. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *see also Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015).

Thus, the question upon judicial review is not whether the claimant is, in fact, disabled, but whether the ALJ used "the correct legal standards and the decision [was] supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2007).

## IV.  ANALYSIS

Ms. O makes three arguments in support of remand, but all three arguments rest on her allegation that the ALJ erred in evaluating her subjective symptoms. In considering a claimant's symptoms as part of the RFC analysis, an ALJ must follow a two-step sequential process. First, the ALJ must determine whether there are underlying medically determinable mental or physical impairments that could reasonably be expected to produce the claimant's pain or symptoms. Second, if there are underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms, the ALJ must then evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work-related activities. *See* 20 C.F.R. § 416.929(a).

The ALJ evaluates the intensity, persistence, and limiting effects of symptoms by considering subjective statements regarding symptoms and pain, as well as any description medical sources and other nonmedical sources provide about how these symptoms affect a claimant's ability to work. *See* 20 C.F.R. § 404.1529(a). Relevant factors include:

(1) The individual's daily activities;
(2) Location, duration, frequency, and intensity of pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) Type, dosage, effectiveness, and side effects of any medication;
(5) Treatment, other than medication, for relief of pain or other symptoms;
(6) Other measures taken to relieve pain or other symptoms;
(7) Other factors concerning functional limitations due to pain or other symptoms

*See* Id. § 404.1529(c)(3). This analysis must focus on "the extent to which the symptoms reduce the individual's capacity to perform work-related activities." *Wade v. Berryhill*, No. 2:17-CV-278, 2018 WL 4793133, at *10 (N.D. Ind. Oct. 4, 2018) (citing SSR 16-3p). Moreover, the ALJ must also consider "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [a claimant's] statements and the rest of the evidence ..." 20 C.F.R. § 404.1529(c)(4). Accordingly, a claimant's alleged symptoms are determined to diminish their capacity to work "to extent that [the claimant's] alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical and other evidence." 20 C.F.R. § 404.1529(c)(4). So long as the ALJ gives specific reasons supported by the record, the Court will not overturn this type of credibility

determination unless it is "patently wrong." See *Deborah M. v. Saul*, 994 F.3d 785, 789 (7th Cir. 2021).

The ALJ provided very little analysis of Ms. O's subjective symptoms. He provided a list of Ms. O's subjective symptoms, and then found that her statements were not entirely consistent with the medical evidence and other evidence in the record. [DE 14 at 32-33]. The ALJ analyzed Ms. O's subjective symptoms related to her mental impairments in a short paragraph, but he but provided no such analysis of her physical symptoms. [DE 14 at 34]. The ALJ simply stated that her "treatments have improved her condition, and there are options and plans to continue that improvement." [DE 14 at 34]. The ALJ provided no analysis of her physical subjective symptoms, particularly any symptoms related to her fibromyalgia or her back pain. The ALJ provided no discussion or analysis of her fibromyalgia in the RFC discussion, and the Court cannot trace the ALJ's reasoning where there is no discussion or analysis of an impairment.

The ALJ failed to discuss Ms. O's alleged limitations on her daily activities and did not discuss the particulars of either her Function Report or the Function Report completed by her husband. See *Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010) ("An ALJ may not ignore a claimant's limiting qualifications with regard to her daily activities."). Instead, the ALJ merely found Ms. O's husband's report to be unpersuasive and stated that "his observations are useful in their limited ability to support and elaborate on the claimant's condition, impairments and limitations." [DE 14 at 35]. The ALJ provided no connection between Ms. O's symptom testimony and the objective medical evidence in the record to support his conclusion discounting her statements

6

about the intensity, persistence, and limiting effects of her symptoms. The ALJ recited medical evidence, but he failed to link that evidence to Ms. O's subjective complaints. This is in error.

Moreover, the ALJ erred in his discussion of her back impairments and related symptoms. The ALJ failed to consider Ms. O's repeated need for surgeries, including two fusions and a microlaminectomy, that supported her complaints of pain. The ALJ noted that Ms. O's condition improved with her right-side SI fusion surgery in 2015, but she required a left side fusion in March 2020. [DE 14 at 34]. The ALJ then improperly speculated that "there is no reason to think that there won't be equivalent improvement" after her left side SI fusion. [*Id.*]. The ALJ concerningly speculates that she will see improvement with her left side SI fusion, despite Ms. O's testimony that she will require further treatment to degenerative discs once her fusion surgery heals. [DE 14 at 65]. Ms. O also continued to complain of constant pain with radiation after her left side SI fusion, which contradicts the ALJ's speculation that she would see improvement. [DE 14 at 66-67].

The ALJ also stated that Ms. O's treatments have improved her condition without any evidence to support this finding. [DE 14 at 34]. Ms. O testified that her pain is regularly at a 7 out of 10, even on medication. [DE 14 at 64]. Moreover, Ms. O testified that she takes oxycodone and morphine for her pain, and she continues to receive epidural nerve blocks and cortisone injections. [DE 14 at 67, 1877-78, 1906-1910]. Ms. O testified that she had been taking this combination of medication for about five years, and treatment notes from 2019 support her testimony. [DE at 67, 1906-1910]. These

7

repeated surgeries, nerve blocks, cortisone injections, and strong narcotic pain killers suggest that she is not finding pain relief through conservative measures. The Seventh Circuit has repeatedly found that seeking such measures to alleviate pain provides some credibility to a claimant's subjective symptoms. *See Israel v. Colvin*, 840 F.3d 432, 441 (7th Cir. 2016) (finding that undergoing painful and risky procedures in attempt to alleviate pain were "actions that would support the credibility of [her] claims regarding the severity of [her] pain."); *see also Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004). The ALJ failed to consider how Ms. O's continued need for surgeries, nerve blocks, cortisone injections, and narcotics supports her complaints of pain. *See Plessinger v. Berryhill*, 900 F.3d 909, 916 (7th Cir. 2018) (finding the ALJ erred by failing to address the fact that the claimants "allegations of pain were consistent with the strong prescription pain medication he was taking.") The ALJ erred by failing to properly analyze Ms. O's complaints of pain. As such, remand is appropriate.

      Ms. O makes other arguments regarding the state agency opinions, but since the Court is remanding based on errors in analyzing Ms. O's subjective symptoms, the Court need not discuss those other arguments at this time. The ALJ will have the opportunity to fully discuss and reevaluate the rest of Ms. O's allegations on remand. This is not to say that there are no other errors in the ALJ decision, but the Court need not discuss them when errors are already present in the ALJ's analysis and discussion of her subjective symptoms.

**V.    CONCLUSION**

For the reasons stated above, the ALJ failed to support his decision finding Ms. O is not disabled with substantial evidence. *See Kastner v. Astrue,* 697 F.3d 642, 646 (7th Cir. 2012); *Scott,* 297 F.3d at 595. Accordingly, the Commissioner's decision is **REMANDED** for further consideration consistent with this opinion.

**SO ORDERED** this 29th day of September.

s/ Michael G. Gotsch<br>
Michael G. Gotsch, Sr.<br>
United States Magistrate Judge